IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE GIMELSON | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| MARTIN N. GHEN | : | NO. 06-3315 |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                                 **JANUARY 18, 2007**

       This is an appeal filed by Josephine Gimelson from an Order of the Bankruptcy Court for the Eastern District of Pennsylvania denying her motion to reconsider her objection to Martin N. Ghen, Esquire's proof of claim in the amount of $5,000.00 for past attorney's fees.

       For a complete background of the Josephine Gimelson bankruptcy see this Court's Memorandum Opinion of November 23, 2004, In Re: Gimelson 2004 WL 2713059 (EDPA 2004).

### History of Current Appeal

       Gimelson filed an objection to the proof of claim filed by Ghen on February 19, 2006.  On March 13, 2006 the Honorable Bruce I. Fox, Bankruptcy Judge, signed an Order which was entered on the docket that same day.  The Order noted that Gimelson made a claim of professional malpractice in the objection to Ghen's claim.  The Judge considered the objection to the claim to be tantamount to a complaint.  The Judge noted that Gimelson did not file a certification of merit with the objection to the claim and found that such a certification of merit was necessary for Gimelson to charge Ghen with professional malpractice.  The Judge gave Gimelson until May 1, 2006 to file with the Court a memorandum stating why her objection to

Ghen's claim was not precluded by her failure to file a certification of merit with the objection.

On May 31, 2006, Judge Fox signed an Order which was entered on the docket on June 2, 2006. The Judge noted that Gimelson's memorandum which she filed on May 5, 2006 did not address the issue of why her objection to Ghen's claim was not precluded by her failure to file a certification of merit with the objection. That Order overruled Gimelson's objection to Ghen's claim.

On June 12, 2006, Gimelson filed a motion to reconsider the Order of Judge Fox. On June 19, 2006 Judge Fox signed an Order which was entered on the docket on June 20, 2006 denying the motion for reconsideration.

Gimelson filed her notice of appeal with the Bankruptcy Court on July 3, 2006.

### Timeliness of Appeal

Appellee Ghen raises the argument that this appeal was not timely filed.

Bankruptcy Rule 8002(a) states:

> The notice of appeal shall be filed with the clerk of the bankruptcy court within 10 days of the date of the entry of the judgment, order or decree appealed from.

The Order of the Bankruptcy Court that started the current controversy was signed by Judge Fox on May 31, 2006 and entered on the docket on June 2, 2006. Ordinarily the appeal from that Order would have to be filed within 10 days of June 2, 2006. However, on June 12, 2006 Gimelson filed a motion to reconsider the Order of Judge Fox. Because the motion to reconsider was filed within the 10 day appeal period the 10 day appeal period did not begin to run until the motion to reconsider was denied. *In re: Farley* 158 B.R. 48 (EDPA 1993); Bankr. Pro. Manual § 8002:05 (2006 ed.); 2 Bankruptcy Litigation § 9:27.

On June 19, 2006 Judge Fox signed an Order which was docketed on June 20, 2006 denying Gimelson's motion for reconsideration.  Gimelson filed her notice of appeal with the Bankruptcy Court on July 3, 2006.  Although the original 10 day appeal period was tolled by the filing of the motion to reconsider, Gimelson failed to file the appeal within 10 days from the day the decision denying the motion to reconsider was entered.

As the Third Circuit Court of Appeals said in *In re Universal Minerals, Inc.* 755 F.2d 309 3d Cir. 1985

> The ten day mandate of Rule 8002(a) has been strictly construed, requiring strict compliance with its terms.  *See Matter of McGuire,* 1 B.R. 496, 499 (D.C.W.D.Pa.1979), **\*312** aff'd, 615 F.2d 1353 (3d Cir. 1980); *see also Matter of Ramsey,* 612 F.2d 1220, 1222, (9th Cir. 1980); *Matter of Butler's Tire & Battery Co., Inc.,* 592 F.2d 1028, 1034 (9th Cir. 1979); *Matter of Best Distribution Co.,* 576 F.2d 1360 (9th Cir. 1978).  Nor can it be doubted that the rule is jurisdictional in effect.  The Advisory Committee's Note to Rule 8002 expressly states that it is "an adaptation of Rule 4(a) of the Federal Rules of Appellate Procedure."  Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment.  See *In re LBL Sports Center, Inc.,* 684 F.2d 410, 412 (6th Cir. 1982); *Matter of Robinson* 640 F.2d 737, 738 (5th Cir. 1981); *Matter of Ramsey, supra,* at 1222; *In re H. Daroff & Sons, Inc.,* 403 F.Supp. 243 (E.D.Pa. 1981); *In re W.T. Grant Co.,* 425 F.Supp. 565, 567 (S.D.N.Y. 1976), aff'd mem. sub nom.  *Berger v. Rodman,* 559 F.2d 1202 (2d Cir. 1977).

In the present case, the 10 day period for filing the notice of appeal, as required in Rule 8002(a), had clearly expired.  Because the appeal was not timely filed we have no jurisdiction to hear the appeal and it must be dismissed.

We  therefore enter the following Order.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPHINE GIMELSON | : | CIVIL ACTION |
| vs. | : | |
| MARTIN N. GHEN | : | NO. 06-3315 |

**O R D E R**

**AND NOW,** this 18th day of January, 2007, the appeal of Josephine Gimelson in the above-captioned matter is hereby dismissed.

BY THE COURT:

/s/ Robert F. Kelly
ROBERT F. KELLY
SENIOR JUDGE